IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JANICE R. McCLANAHAN, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 2:07-cv-0005 |
| ) | Senior Judge Nixon |
| MICHAEL J. ASTRUE, ) | Magistrate Judge Bryant |
| Commissioner of Social Security, ) | |
| ) | |
| *Defendant.* ) | |

## ORDER

Pending before the Court is Plaintiff Janice R. McClanahan's Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 16), Defendant's Response (Doc. No. 23), and Plaintiff's Reply (Doc. No. 24). Magistrate Judge Bryant has issued a Report and Recommendation ("Report") (Doc. No. 25), recommending that Plaintiff's Motion be denied. Also before the Court is Plaintiff's Motion for De Novo Review of the Magistrate Judge's Report and Recommendation (Doc. No. 26) ("Plaintiff's Second Motion"), Memorandum in Support (Doc. No. 27), and Defendant's Reply (Doc. No. 28) to Plaintiff's Second Motion. Upon review of the Magistrate Judge's Report and for the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion and Plaintiff's Second Motion.

-1-

Case 2:07-cv-00005   Document 29   Filed 06/16/09   Page 1 of 13 PageID #: 135

## I. BACKGROUND

### A. Procedural Background

Janice R. McClanahan ("Plaintiff") filed a claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") with the Social Security Administration ("SSA") on December 30, 2002. (Tr. 65-67, 329-41). Plaintiff alleged that she became disabled due to a shoulder injury, nerve problems, back pain, obesity, migraine headaches, and depression on July 1, 2001. (Tr. 34, 76, 193). The SSA denied the disability claim on February 24, 2003. (Tr. 33-34, 37-40, 342-343, 344-347). Subsequently, Plaintiff filed a request for reconsideration on May 6, 2003 (Tr. 41-43) and the SSA denied the claim on May 19, 2003. (Tr. 45-46).

Plaintiff then requested a <u>de novo</u> hearing before an Administrative Law Judge ("ALJ"). (Tr. 47-48). The ALJ held a hearing on March 3, 2005 (Tr. 27-32) and issued a written decision, denying benefits, on September 2, 2005. (Tr. 17-25). The SSA's Appeals Council denied Plaintiff's request to review the ALJ's decision on December 18, 2006. (Tr. 6-8). Therefore, the ALJ's ruling became the Commissioner's final decision. <u>See</u> 20 C.F.R. §§ 404.981, 416.1481.

On February 15, 2007, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1). Defendant filed a Response on December 7, 2007 (Doc. No. 23), to which Plaintiff filed a Reply on December 30, 2007 (Doc. No. 24). The Court has jurisdiction under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). On October 31, 2008, Magistrate Judge Bryant recommended that Plaintiff's Motion be denied. (Doc. No. 25). On November 17, 2008, Plaintiff filed a Motion for De Novo Review (Doc. No. 26) and Memorandum in Support (Doc. No. 27). In response, Defendant filed a Reply on December 11, 2008. (Doc. No. 28).

Plaintiff asserts two (2) objections to the Magistrate Judge's Report. (Doc. No. 26).

-2-

Specifically, Plaintiff argues that the Magistrate improperly affirmed the ALJ's finding due to the following errors: (1) the ALJ erred in rejecting the medical opinions of Dr. Reed, Plaintiff's treating physician, in favor of Dr. Gomez, the examining physician; and (2) substantial evidence did not support the ALJ's adverse credibility finding. The Court discusses the merits of Plaintiff's objections in turn.

B. *Factual Background*

The Court adopts the background section of the Magistrate's Report (Doc. No. 25, at 4-10).

## II. STANDARD OF REVIEW

The Court's review of Plaintiff's objections to the ALJ's findings is de novo. 28 U.S.C. § 636(b) (2009). The Court's review of Plaintiff's objections to the Magistrate's Report is also de novo. Fed. R. Civ. P. 72(b); Local Mag. J. Rule 9(b)(1). The de novo standard of review serves two primary functions: (1) to determine whether substantial evidence supports the Commissioner's findings; and (2) to examine the record for any legal errors. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). According to Title II of the Social Security Act, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The reviewing court is bound to uphold the Commissioner's findings if substantial evidence supports it. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Substantial evidence is quantified as "more than a mere scintilla of evidence, but less than a preponderance. Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 216 (1938)). It is commonly "defined as such

relevant evidence as a reasonable mind might accept as adequate to support the conclusion." Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Judicial review in disability cases does not involve credibility determinations or resolving conflicts in evidence. Her, 203 F.3d at 389 (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)). Even if substantial evidence supports a conclusion different from the Commissioner, "the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." Her, 203 F.3d at 389-90 (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

*A. Plaintiff objects to the Magistrate's affirmation of the ALJ's failure to follow the December 2004 opinions of Dr. Floyd Reed, Plaintiff's treating physician, in favor of the February 2003 opinions of Dr. Albert Gomez, Plaintiff's examining physician.*

In determining whether a claimant has a disability, the ALJ must "consider the medical opinions in [the] case record together with the rest of the relevant evidence." 20 CFR § 404.1527(b) (2009). Generally, more weight is given to the medical opinions from a treating source because they are "most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." Id. § 404.1527(d)(2). However, the ALJ may choose not to give the treating source's opinion controlling weight by considering other factors, such as the opinion's supportability or consistency with other sources. See §§ 404.1527(d)(3) and (d)(4). Regardless of whether the ALJ affords the treating opinions greater weight, the ALJ is bound to provide good reasons for accepting or rejecting the medical opinion. Id. § 404.1527(d)(2).

Plaintiff argues that the ALJ erred by accepting the medical opinions of Dr. Gomez, Plaintiff's examining physician, instead of the medical opinions of Dr. Reed, Plaintiff's treating physician. In particular, Plaintiff argues that Dr. Reed's relatively recent opinion reported that Plaintiff was more limited than Dr. Gomez's opinion recognized. (Doc. No. 27, at 3).

Plaintiff asserts five arguments for why the Magistrate erred in accepting the ALJ's rationale: (1) the Magistrate did not address Plaintiff's argument that the ALJ erred by minimizing her long-standing patient relationship with Dr. Reed; (2) the Magistrate and the ALJ did not account for Plaintiff's deteriorated condition; (3) the ALJ erred by not contacting Dr. Reed to obtain more medical data concerning Plaintiff's conditions; (4) the Magistrate's characterization of Dr. Reed's reports is inconsistent with the ALJ's characterization;[1] and (5) the ALJ made an improper lay medical judgment concerning Plaintiff's medical conditions. Unlike the first four objections, Plaintiff fails to provide any supporting arguments for the last objection. Therefore, the Court declines to address it. The Court analyzes Plaintiff's first four objections in turn.

### (1) Plaintiff objects to the Magistrate's failure to recognize Plaintiff's relationship with Dr. Reed.

Plaintiff contends that the Magistrate did not address Plaintiff's argument that the ALJ minimized her patient relationship with Dr. Reed. However, the Magistrate, when noting why the ALJ rejected Dr. Reed's opinions, recognized the relationship between Plaintiff and Dr. Reed (Doc. No. 25, at 13) ("prior to [June 2004, Dr. Reed] saw her only infrequently in the ER

---

[1] Although Plaintiff addresses the Magistrate's characterization of Dr. Reed's reports as part of the objection to the ALJ's alleged failure to contact Dr. Reed for more medical data, the Court finds it necessary to address these arguments separately.

-5-

for acute physical problems") (quoting Tr. 21). Moreover, the ALJ did not minimize Plaintiff's relationship with Dr. Reed. Instead, the ALJ discussed Plaintiff's relationship with Dr. Reed and considered the nature of Dr. Reed's treatment of her. (Tr. 18, 21) ("Aside from Prozac medication, Dr. Reed did not apparently prescribe regular pain medication for the claimant's various musculoskeletal complaints."). The ALJ also noted that Dr. Reed treated Plaintiff intermittently over a fifteen year period. (Tr. 436). The Magistrate recognized Plaintiff's relationship with her treating physician and likewise declined to give Dr. Reed's opinions substantial weight based on the totality of the medical evidence.

Thus, the Magistrate and the ALJ sufficiently recognized Plaintiff's relationship Dr. Reed.

### (2) Plaintiff objects to the ALJ adoption of Dr. Gomez's report, which Plaintiff claims, did not account for her subsequently deteriorated condition.

Plaintiff next argues that Dr. Gomez's February 2003 medical report did not account for Plaintiff's deteriorated conditions that developed between October 2004 and February 2005 and that the ALJ erred in adopting Dr. Gomez's allegedly flawed report. Specifically, Plaintiff notes that Dr. Gomez's report failed to include Plaintiff's diminished knee condition, broken left proximal fibula, edema in the right knee, joint space in left knee, and disc protrusion. (Doc. No. 27, at 4-5 (citing Tr. at 226, 227, 278, 319)).

Plaintiff's argument fails because the ALJ fully considered all of Plaintiff's physical ailments. (Tr. 19). For example, the ALJ made note of Plaintiff's fractured fibula from November 2004 and mentioned that Plaintiff received moderate treatment for her herniated disc in February 2005. Id. The ALJ also noted that, although x-rays revealed that Plaintiff suffered

-6-

from advanced arthritis in November 2004, she still has "adequate muscle strength and . . . has not had physical therapy or pain management treatment." (Tr. 21). Lastly, the ALJ, when deciding Plaintiff's residual function capacity ("RFC"), found that "she can frequently reach with the non-dominant left arm but only occasionally overhead" - thus recognizing Plaintiff's left shoulder impairment. (Tr. 21). Therefore, there is substantial evidence in the record to support that the ALJ properly accounted for subsequent medical ailments when determining that Plaintiff could perform light work.

### (3) Plaintiff objects to the ALJ's failure to contact Dr. Reed for clarification regarding Plaintiff's medical conditions.

Lastly, Plaintiff argues that the ALJ should have contacted Dr. Reed to obtain more medical data that was not apparent from the record. Plaintiff asserts that when "the evidence . . . receive[d] from [the] treating physician or psychologist or other medical source is inadequate . . . to determine whether [claimant is] disabled" the ALJ must contact the medical source for clarity. 20 CFR § 404.1512(e) (2009). Specifically, Plaintiff asserts that the Magistrate erred when he allegedly narrowed the scope of section 404.1512(e) by failing to apply it to "a detailed medical source statement that counsel has tailored to [P]laintiff's claim." (Doc No. 25 at 15). According to Plaintiff, a detailed medical report does not prevent the ALJ from contacting a claimant's physician for clarification.

The ALJ is obligated to contact a treating source for more information when the record, as a whole, is insufficient to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1512(e); 404.1527(c)(2); 416.912(e); 416.927(c)(2). In this case, the ALJ was able to determine the claimant's disability based on a reasoned evaluation of the entire record. See Tr.

21-22 ("[t]he medical record as a whole also supports a conclusion that she can perform light work, given that she has been treated only conservatively . . . "). In addition to the opinions of Dr. Reed, the ALJ considered the medical reports of Dr. Gomez, the DDS consultative physician, and the DDS physician to make the disability determination. (Tr. 21). These medical sources and objective reports concluded that despite Plaintiff's various allegations of back, shoulder, knee and ankle pain, Plaintiff can perform light work. (Tr. 21, 198-200, 215-222).

Therefore, substantial evidence supports the finding that the ALJ did not need to contact Dr. Reed for clarification because the record, as a whole, was sufficient to determine Plaintiff's disability status.

### (4) Plaintiff objects to the Magistrate's and ALJ's inconsistent characterization of Dr. Reed's reports regarding Plaintiff's medical ailments.

Plaintiff argues that this Court should decline to adopt the Magistrate's Report because it is inconsistent with the ALJ's characterization of Dr. Reed's reports. The ALJ reasoned that Dr. Reed's reports of Plaintiff's "leg edema, obesity, crepitus and bulging disks" are not detailed enough because they lack "further descriptive evaluation of the nature and severity of [Plaintiff's] impairments" and do not detail the "degree or frequency" of the medical findings. (Tr. at 21). However, Plaintiff describes the Magistrate's evaluation of Dr. Reed's report as "detailed." Plaintiff argues that the Magistrate is trying to have it "both ways: agreeing with the ALJ that Dr. Reed's opinions were insufficiently detailed, but denying that those opinions were insufficiently detailed for the purpose of § 404.1512(e)." (Doc. No. 27). Additionally, Plaintiff contends that the Magistrate's report "implies that a claimant cannot receive judicial relief for an alleged violation of § 404.1512(e)." Id.

-8-

Plaintiff is incorrect in describing the Magistrate's evaluation of Dr. Reed's entire medical report of Plaintiff as "detailed." (Doc. No. 27). The Magistrate described only one of Dr. Reed's opinions as "a detailed medical source . . . tailored to [P]laintiff's claim." (Doc. No. 25 at 15 (citing Tr. 311-14)). Thus, the Magistrate found one of Dr. Reed's opinions sufficiently detailed. However, there is not indication that the Magistrate found all of Dr. Reed's report sufficiently detailed. Plaintiff further argues that the Magistrate's Report "implies that a claimant cannot receive judicial relief for an alleged violation of § 404.1512(e)." (Doc. No. 27). However, there is no information in the Report to support such an implication.

There is substantial evidence in the record that the Magistrate (1) did not describe all of Dr. Reed's report as detailed, and (2) did not imply that judicial relief is not available for a § 404.1512(e).

### B. Plaintiff objects to the ALJ's adverse credibility finding and the Magistrate's recommendation to affirm it because the ALJ's finding is not supported by substantial evidence.

During an administrative hearing, the ALJ's duty is to reasonably evaluate a claimant's credibility. 20 C.F.R. § 404.1529 (2009). Plaintiff objects to the ALJ's adverse credibility determination as well as the Magistrate's affirmation of the determination because, Plaintiff contends, the ALJ did not adequately evaluate Plaintiff's ability to afford treatment and her ability to engage in daily activities.

#### (1) Plaintiff objects to the ALJ's evaluation of her ability to afford medical treatment.

Plaintiff asserts that the ALJ's finding that she is "fairly credible" due to inconsistent medical treatment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ did not adequately evaluate her ability to afford medical treatment by failing to consider the

-9-

Case 2:07-cv-00005   Document 29   Filed 06/16/09   Page 9 of 13 PageID #: 143

trial record. (Tr. at 106) ("Haven't had any [pain medication] in over a year [,] no insurance"); (Tr. at 112) ("[d]o not have insurance[,] can't see doctor"). In so arguing, Plaintiff relies on Regennitter v. Comm'r of Soc. Sec. Admin., which held that the claimant's complaints for lack of treatment should not be disregarded when the record establishes that the claimant could not afford treatment. 166 F.3d 1294, 1296-97 (9th Cir. 1999). Plaintiff also argues that the ALJ must weigh the claimant's inability to afford treatment in favor of the claimant when determining credibility. See SSR 96-7p (instructs the Social Security Administration to consider the claimant's reasons, including the inability to afford treatment, for failing to pursue regular treatment).

Plaintiff's argument fails because, although the ALJ did not specifically address Plaintiff's lack of insurance, the record indicates that Plaintiff was able to afford medical treatment on various occasions despite not having insurance. Prior to the alleged disability onset date and through 2005, Plaintiff received medical testing and treatment. (Tr. 120-192, 223-268, 275-328, 362-419). In addition, Plaintiff visited specialists (Tr. 276-279, 280-281, 264-267) and underwent physical therapy (Tr. 391-396) to help alleviate her symptoms. The ALJ continuously notes Plaintiff's medical treatments and visits throughout the opinion. (Tr. 18-23).

While the ability to afford treatment is a factor in determining the claimant's credibility, it is not the only factor in the evaluation. Credibility is a function of "all of the evidence in the case record." SSA 96-7p. The ALJ must consider statements from physicians, the entire medical record, and observations recorded by SSA employees. Id. Additionally, the ALJ may consider personal observations of the claimant during an administrative hearing. Id. Although Plaintiff claims that "the ALJ found that [Plaintiff] was not credible based in large part

on the fact that she had not received extensive treatment for her physical and mental conditions" (Doc. No. 16), the ALJ considered other factors, such as Plaintiff's inconsistent statements about her back injury described in a December 2004 ER report. As a result, the ALJ concluded that Plaintiff was only "fairly credible." As the Magistrate found, the ALJ's failure to consider Plaintiff's lack of insurance was a harmless error because the ALJ based Plaintiff's credibility on various factors, not just on Plaintiff's ability to afford medical treatment.

(2) Plaintiff objects to the ALJ's evaluation of her daily activities and the Magistrate's recommendation to affirm the ALJ's evaluation.

Plaintiff argues that (1) the ALJ erroneously evaluated Plaintiff's daily activities because they were interspersed with rest; and (2) the Magistrate misstated the ALJ's rationale for discounting Plaintiff's credibility involving her daily activities. Specifically, Plaintiff argues that the Magistrate improperly affirmed the ALJ's decision because the ALJ did not credit Plaintiff's description of her daily activities. The Court will address both arguments in turn.

*(a) Objection to the ALJ's evaluation of Plaintiff's daily activities.*

First, Plaintiff argues that the ALJ erred in his adverse credibility determination because "there is overwhelming evidence that [Plaintiff's] daily activities were interspersed with rest." (Doc. No. 27, at 10). In support, Plaintiff refers to her previous statements regarding her inability to do household chores without rest (Tr. 101) and inability to sit or stand for long periods of time. (Tr. 434-435). However, the record contains substantial evidence that supports the ALJ's evaluation of Plaintiff's daily activities.

Plaintiff's argument fails because she admitted that she performed various everyday activities, such as cooking, reading, shopping, washing dishes, taking care of her mother and

-11-

husband, tending to her personal needs, and watching television (Tr. 19-21, 437-439), despite being unable to sit or stand for more than ten or fifteen minutes (Tr. 434-435). The ALJ found Plaintiff's testimony incredible because the evidence shows that Plaintiff did not suffer from neurologic deficits, appreciable muscle strength deficit, or muscle atrophy (Tr. 21, 200, 281-282) which would have precluded her from performing the abovementioned activities. The record contains substantial evidence to support the ALJ's finding that Plaintiff was not credible in describing how long she could perform daily activities.

>*(b) Objection to the Magistrate's recommendation to affirm the ALJ's evaluation of Plaintiff's daily activities.*

Second, Plaintiff argues that the Magistrate erred by misstating the ALJ's rationale for discounting the Plaintiff's credibility concerning her daily activities. In particular, Plaintiff believes that the Magistrate recommended affirming the ALJ's decision on the grounds that the ALJ did not believe the Plaintiff when testifying about her daily activities. (Doc. No. 27, at 9). Plaintiff asserts that this is misstating the ALJ's rationale because the ALJ did in fact believe Plaintiff's testimony about her daily activities.

Plaintiff's characterization of the Magistrate's statement is incorrect. The Magistrate reasoned, with respect to Plaintiff's credibility, that "the problem is that the ALJ simply did not believe [the] testimony." (Doc. No. 25, at 18). Considering the record as a whole, the Magistrate was reasonably referring to Plaintiff's alleged need to stay in a reclined position for the majority of the day (Tr. 435), even though other evidence contradicted her limited ability. (Tr. 22) (recognizing that Plaintiff is still able to cook and care for her mother). The Magistrate's recommendation to affirm the ALJ's rationale for discounting the Plaintiff's credibility is

-12-

reasonable. Moreover, there is substantial evidence in the record to support the ALJ's finding that Plaintiff's testimony regarding her daily activities was not credible.

IV. CONCLUSION

The Court does not find merit in Plaintiff's arguments because substantial evidence exists in the record to support the ALJ's decision. In addition, the Court finds the Magistrate's Report to be well-founded and supported by the record. Therefore, both Plaintiff's Motion and Plaintiff's Second Motion are **DENIED**. This Order terminates this Court's jurisdiction over the above-styled action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the _____15_____ day of June, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

-13-